# 96 DTA 111

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL SAN JUAN - I

FRANCISCO DIEZ PEREZ
Demandante

v.

UNIVERSIDAD INTERAMERICANA DE PUERTO RICO (U.I.A.)
Demandado

Núm. KLAN-96-00799

San Juan, Puerto Rico, a 7 de agosto de 1996

Panel integrado por su Presidenta, Jueza Ramos Buonomo
y los Jueces González Román y Córdova Arone

González Román, Juez Ponente

██

## TEXTO COMPLETO DE LA SENTENCIA

El estudiante de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico, Francisco Diez Pérez, recurre en auxilio de jurisdicción y mediante escrito de *"apelación"*, de una sentencia parcial dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual se negó a celebrar una vista de interdictó preliminar y permanente *"por falta de tiempo"* y por consideraciones relativas a la doctrina de incuria o *"laches"* para que se deje sin efecto la suspensión por un semestre académico que le impuso dicha institución universitaria como sanción por alegadamente copiarse en unos exámenes parciales y finales. ██ Mediante la demanda de interdictó preliminar y permanente, sentencia declaratoria y daños y perjuicios que presentó ante el Tribunal recurrido, el estudiante universitario solicita que se celebre una vista judicial para que se elimine la sanción impuesta por la Facultad de Derecho de la Universidad Interamericana de Puerto Rico y en su consecuencia no pierda el semestre académico que comienza el 12 de agosto de 1996. El recurrente sostiene que la referida sanción disciplinaria disloca la continuación de sus estudios de derecho, lo que le causa daños irreparables y que, inclusive, podría impedir que advenga eventualmente a ser miembro de la profesión legal.

La sentencia parcial fundamenta su denegatoria en que el Decano de la Facultad de Leyes de la universidad concernida, Lcdo. Carlos Ramos, sostuvo la sanción impuesta por el Decano de Asuntos Académicos, Lcdo. Doel Quiñones, el 24 de junio de 1996 y lo notificó al estudiante el 26 de junio de 1996. Sostiene el Tribunal recurrido que el reclamo de daño irreparable no es cónsono con la conducta procesal desplegada por el recurrente al esperar hasta el 26 de julio para presentar su reclamación. Sostiene el Tribunal que dicha conducta es constitutiva de demora e inacción en perjuicio de la eficiente administración de la justicia y contrasta significativamente con la acción judicial que interpuso otro estudiante que se encuentra en la misma situación, por los mismos hechos que dieron margen a este pleito, y en el cual ya se celebró vista judicial y se encuentra sometido ante otra sala del Tribunal recurrido.·

Por último, el Tribunal aduce que por *"falta de tiempo"* se deniega la solicitud de interdictó preliminar y permanente.

Inconforme con el resultado, el peticionario señala como único error que el Tribunal recurrido abusó de su discreción al determinar que había presentado tardíamente su demanda y que, por consiguiente, había incurrido en incuria.

Solicita en su recurso la revocación de la sentencia parcial emitida, que ordenemos al tribunal recurrido celebrar una vista evidenciaria antes del día 12 de agosto o, en su defecto, ordenar a la Universidad Interamericana que le permita cursar estudios en este próximo semestre, sujeto a cualquier resultado que posteriormente emitan los tribunales correspondientes. ██

Examinados los documentos ante nuestra consideración, así como el derecho aplicable, procedemos a revocar la sentencia parcial y ordenamos al Tribunal recurrido a celebrar una vista de interdictó preliminar y permanente en forma consolidada de conformidad con la Regla 57 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III, R. 57, con anterioridad al lunes 12 de agosto de 1996.

La defensa de incuria no es oponible a los remedios de inter dictó preliminar y permanente que solicita el estudiante universitario Francisco Pérez Diez. Según surge de los documentos ante nuestra

consideración, el recurrente presentó demanda de intervención el 18 de julio de 1996 en el caso paralelo que se ventilaba ante otra sala del Tribunal recurrido por los mismos hechos que dieron margen al presente litigio. ■ Denegada tal solicitud, el 23 de julio de 1996 en corte abierta, ■ tres días más tarde, el peticionario interpuso su acción. Ciertamente hubo una demora corta en interponer la misma. Tampoco encontramos que esta demora perjudique a la Universidad Interamericana toda vez que ésta compareció a un proceso judicial en el cual se ventilaron los mismos hechos que desataron la presente acción, lo cual nos permite inferir que dicha parte está preparada para una vista en este caso. Si comparamos el perjuicio que puede ocasionar el no celebrar una vista de inter dictó preliminar y permanente con el perjuicio que le puede ocasionar al recurrente el disloque de sus estudios de derecho, la balanza, sin lugar a dudas, se inclina a favor de este último.

El transcurso de un tiempo determinado, por sí sólo, es insuficiente para que se configure la defensa de incuria. Es imprescindible que la conducta negligente del promovente de una acción al que se le opone tal defensa haya causado una demora innecesaria e indebida que perjudique a las demás partes envueltas. Es decir, la doctrina de *"laches"* requiere que se configuren dos elementos: (1) la dilación injustificada en la presentación de un recurso; y (2) el perjuicio que ello pueda ocasionar a otras personas, según las circunstancias. *Torres Arzola v. Policía de Puerto Rico,* 117 D.P.R. 204, 209 (1986).

Más aún, es labor constitucional e indelegable de los tribunales velar y garantizar que los procedimientos y asuntos se ventilen sin demora, lo cual constituye la política judicial establecida por el Tribunal Supremo con miras a lograr una justicia rápida y eficiente. Lamentamos las desafortunadas expresiones del Tribunal recurrido en el sentido de que *"por falta de tiempo"* no se pueden atender algunos de los reclamos del recurrente. Convalidar dicho reclamo significaría negarle injustificadamente los recursos que provee nuestro ordenamiento jurídico a un litigante y el reconocerle a los Tribunales de Justicia de este país la facultad de abdicar el ministerio de adjudicar los reclamos de nuestros ciudadanos.

Por los fundamentos ante expuestos se revoca la sentencia parcial emitida el 29 de julio de 1996 y en su consecuencia se ordena al Tribunal recurrido la celebración de una vista consolidada de *"injunction"* preliminar y permanente, antes del día 12 de agosto de 1996, notificando la misma a las partes telefónicamente, vía facsímil y por correo ordinario y resolver la misma a la mayor brevedad posible, haciendo determinaciones de hechos y de derecho. ■

Se ordena, además, a la Secretaria de este Tribunal asignarle una codificación de *certiorari* al presente recurso y a notificar la presente resolución a la Universidad Interamericana de Puerto Rico por conducto del Decano de la Facultad de Derecho y a las demás partes por teléfono y vía facsímil, además de por la vía ordinaria a la mayor brevedad posible.

REGISTRESE Y NOTIFIQUESE.

Así lo pronunció y manda el tribunal y lo certifica la Secretaria General.

Sonia I. Pacheco Román
Secretaria General

### ESCOLIOS 96 DTA 111

**1.** Por tratarse de la revisión de una orden interlocutoria, acogemos el recurso como un *certiorari*. Véase Art. 4.002 de la Ley de la Judicatura, según enmendada; Regla 32 del Reglamento del Tribunal de Circuito de Apelaciones, aprobado el 25 de abril de 1996, según enmendado.

**2.** El peticionario alega que la Universidad Interamericana le permitió matricularse en cursos de derecho durante este verano.

**3.** *Manuel Borges Méndez v. Universidad Interamericana de Puerto Rico,* Civil Núm. KPE-96-0487 sobre Injunction Preliminar y Permanente, Sentencia Declaratoria y Daños y Perjuicios.

**4.** Tomamos conocimiento de los autos del caso, véase nota núm. 3.

5. No se pretende que el dictamen sea elaborado, pero sí deberá ofrecer una explicación sucinta de los hechos y del derecho aplicable de manera que las partes estén mejor enterados del porqué de la determinación y evaluar si procede o no instar un recurso ante el Tribunal de Circuito de Apelaciones. El dictamen de instancia, aunque brevemente fundamentado, permite que el Tribunal de Circuito de Apelaciones ejerza su función revisora de una manera eficiente y se salvaguardan, así, los propósitos de la Ley de la Judicatura de 1994.